IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBORAH HANNON : CIVIL ACTION
:
v. :
: No. 10-2582
TEMPLE UNIVERSITY :

**MEMORANDUM**

Ludwig, J. March 8, 2011

In this education discrimination case, defendant Temple University moves to dismiss the complaint. Fed. R. Civ. 12(b)(6). Jurisdiction is federal question. 28 U.S.C. § 1331.

According to the complaint, plaintiff Deborah Hannon, a doctoral student in defendant's Department of Education, has a learning disability.[1] Her claim is that because her request for reasonable accommodations was granted only in part, she failed her Comprehensive Exams and was dismissed from the program. Defendant's conduct is alleged to have violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (Counts I and II). The complaint includes counts for breach of contract and for an award of attorneys fees. The motion to dismiss asserts that (1) the discrimination claims are barred by Pennsylvania's two-year statute of limitations, and (2) the breach of contract claim is preempted by federal law. Defendant's motion will be granted as to breach of contract, but not as to the limitations

---

[1] Plaintiff has been diagnosed with "Learning Disabilities NOS [Not Otherwise Specified] and specifically, disorder of written expression and disorder of word reading/decoding, combined with marked difficulties in visual/spatial reasoning." Complaint, ¶ 8.

defense.

As to the statute of limitations, a claim "accrues and the applicable statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis for the action." Saylor v. Ridge, 989 F. Supp. 680, 686 (E.D. Pa. 1998) (citations omitted). The inquiry focuses on when the discriminatory act occurred, not when "the effect of the act became painful." Id. Defendant Temple University's position is that the alleged failure to accommodate plaintiff occurred in November 2007, complaint, ¶ 19, and that plaintiff did not file her complaint until May 2010, more than two years later, rendering the claims time-barred. The complaint also alleges that plaintiff failed one of the four exams, and received a "bare pass" in another. Complaint, ¶ 20. However, she was permitted to retake those exams in August 2008 - "*but without any additional accommodations*." Id. (Italics added.). The denial of plaintiff's accommodation request in August 2008 falls within the relevant two-year period and defendant's motion in this respect must, therefore, be denied.

As to the alleged breach of contract, federal discrimination laws preempt common law claims. Weirich v. Horst Realty Corp, LLC, 2007 WL 2071904, at *2 (E.D. Pa., filed Jul. 13, 2007), citing Bruffet v. Warner Communications, Inc., 692 F.2d 910, 918 (3d Cir. 1982); Waggaman v. Villanova Univ., 2008 WL 4091015, at *21 n.29 (E.D. Pa., filed Sept. 4, 2008) (citation omitted) ("Pennsylvania courts disallow claims for breach of contract on the basis of discrimination alone because such claims are preempted by statutory claims."). Count III

2

of the complaint purports to allege a breach of contract based upon "assurances" contained in defendant's website "that [plaintiff] would be provided with the accommodations she would need to succeed in the Ed.D. department." Complaint, ¶ 34. The complaint alleges that plaintiff relied upon these assurances with respect to her Comprehensive Exams. Complaint, ¶¶ 17-20, 35. Because the breach of contract is based completely on the same conduct as the statutory claims, it is preempted and must be dismissed.[2]

BY THE COURT:

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[2] It is unnecessary to rule on defendant's argument that Count III does not state a claim upon which relief can be granted.